**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RITA FAYE McKEEMAN,                        )
                                           )
            Plaintiff,                      )
                                           )
      v.                                    )       Civil Action No. 26-1330 (UNA)
                                           )
                                           )
RICHARD CHANEY FAMILY MEMBERS, *et al.*,   )
                                           )
            Defendants.                     )

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court grants the application and dismisses the complaint without prejudice.

The Court holds a *pro se* complaint to a "less stringent standard[]" than is applied to a pleading drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

The Court dismisses the complaint for the simple reason that there are no factual allegations supporting an actual legal claim. *see* Compl. at 4. Nor is there a statement demonstrating that this Court has subject matter jurisdiction over the claim plaintiff intends to bring. *See id*. at 3. Missing, too, is a demand for relief. *See id*. at 4.

As drafted, the complaint falls well short of Rule 8's minimal pleading standard, and the Court will dismiss it without prejudice. A separate order accompanies this Memorandum Opinion.

DATE: June 3, 2026                          /s/
                                            CHRISTOPHER R. COOPER
                                            United States District Judge